UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Just Intellectuals, PLLC,

    Plaintiff,                                        Case No. 10-12415

v.                                                  Honorable Sean F. Cox

Clorox Company,

    Defendant.

_____/

**OPINION & ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

        Plaintiff, Just Intellectuals, PLLC ("Just Intellectuals"), filed this *qui tam* action against Defendant, The Clorox Company ("Clorox"), for false marking, pursuant to 35 U.S.C. § 292. The matter is currently before the Court on "The Clorox Company's Motion To Transfer Venue Pursuant To 28 U.S.C. § 1404 Or, In The Alternative, To Stay This Action Pending The Resolution Of *Stauffer v. Brooks Brothers*." The parties have fully briefed the issues and oral argument was held on December 2, 2010. For the following reasons, the Court **GRANTS** Defendant's motion to transfer venue.

BACKGROUND

        Just Intellectuals filed this action on June 21, 2010. Just Intellectuals is an intellectual property law firm with its principle place of business in Novi, Michigan. (Docket Entry No. 1 at ¶ 1). Clorox is a Deleware corporation with its principle place of business in Oakland, California. *Id.* at ¶ 2. Clorox is the parent company of Brita Manufacturing Company, which manufactures and distributes replacement pitcher filters ("filters"). (Docket Entry No. 9 at 6).

1

All of Just Intellectuals' claims are based on the allegation that Clorox purposefully and deceitfully marked its "unpatented" filters with patent numbers that correspond with an expired patent. (Docket Entry No. 1). Just Intellectuals' complaint alleges two counts: (1) False Marking, pursuant to 35 U.S.C. § 292, and (2) False Advertising, pursuant to the Michigan Consumer Protection Act, M.C.L. § 445.911. *Id*.

On August 10, 2010, Clorox filed the instant motion to transfer venue or, in the alternative, to stay this action pending the resolution of *Stauffer v. Brooks Brothers*, 619 F. 3d 1321 (Fed. Cir. 2010). (Docket Entry No. 8). On September 13, 2010, after the resolution of *Stauffer*, Clorox filed a sur-reply in support of its earlier motion. (Docket Entry No. 13). In its sur reply, Clorox withdrew its request for an order to stay this action pending *Stauffer*, but maintained its request to transfer venue. *Id*. at 1.

## STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Section § 1404(a) gives district courts the discretion to transfer cases on an individual basis by considering convenience and fairness. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 31-33 (1955) (holding that the district court's discretion under §1404(a) is broader than under the common-law doctrine of *forum non conveniens*.)

In deciding a motion to transfer venue, the Court must determine whether the action could have been brought in the proposed transferee district, whether a transfer would promote the interests of justice, and whether a transfer would serve the parties' and witnesses'

convenience.  *United States v. P.J. Dick, Inc*., 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000); *Perceptron, Inc. v. Silicon Video, Inc.,* 423 F.Supp.2d 722, 728-29 (E.D. Mich. 2006).  Factors to be considered include: (1) the convenience of the parties and witnesses; (2) the location of documents and the relative ease of access to sources of proof; (3) the locus of the operative facts; (4) availability of process to compel attendance of witnesses; (5) cost of obtaining witnesses; (6) the forum's familiarity with the governing law; (7) the weight accorded the plaintiff's choice of forum; (8) trial efficiency; and (9) the interests of justice.  *Id.*

The moving party carries the burden "of demonstrating that, in light of these factors, 'fairness and practicality strongly favor the forum to which transfer is sought.'" *IFL Group v. World Wide Flight Services*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2006) (citing *Thomas v. Home Depot U.S.A., Inc*., 131 F. Supp. 2d 934, 935 (E.D. Mich. 2001).  "Mere assertions or speculation, without evidence, are insufficient to meet this burden."  *Id*. at 714.

## ANALYSIS

Clorox asserts that the Court should transfer this action to the Northern District of California ("N.D. California") because: (1) the convenience to the witnesses and location of relevant documents support transfer to California; (2) the locus of operative facts supports transfer to California; (3) the convenience of the parties favors transfer; (4) the availability of process to compel the attendance of witnesses favors transfer; (5) the relative means of the parties involved favors transfer; (6) the forum's familiarity with governing law favors transfer; (7) the Plaintiff's choice forum should not control; (8) and trial efficiency and interests of justice favors transfer.

Just Intellectuals does not dispute that the action could have been brought in the N. D. of

California.  It maintains, however, that the Court should decline to transfer the matter.  Just Intellectuals asserts that a plaintiff's choice of forum is entitled to substantial deference.  In addition to being a *qui tam* plaintiff, Just Intellectuals asserts that it is a personally injured plaintiff, alleging violations of the Michigan Consumer Protection Act ("MCPA").  Furthermore, Just Intellectuals contends that Clorox has not met its burden to transfer venue and that the factors weigh in favor of retaining venue in the Eastern District of Michigan ("E. D. of Michigan").

This case could have been brought in the N. D. of California because that is where the Defendant, Clorox, resides.  *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 1395(a).  Therefore, the Court must look to steps two and three of the analysis, and weigh the nine factors listed above.

**A.    Factors One, Two, Three And Four Weigh In Favor Of Transferring Venue To The Northern District Of California.**

One factor in determining whether to grant a motion to transfer venue is the convenience of the parties and the witnesses (factor one).  "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."  *Van Dusen v. Barrack*, 376 U.S. 612, 645-646 (1964).  "A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another."  *Audi AG and Volkswagon of America v. D'Amato*, 341 F. Supp.2d 734, 751 (E.D. Mich. 2004).

Here, despite its MCPA claim, Just Intellectuals is a *qui tam* plaintiff and was not personally injured, or otherwise involved in the alleged false marking, beyond its association with the injured public at-large.  Furthermore, Just Intellectuals is serving as its own counsel.  At oral argument, counsel for Just Intellectuals admitted that she would likely be the only witness

called by Just Intellectuals.  No additional burden would be placed on the plaintiff beyond that of its attorneys.  Clorox, however, is intimately involved in the claims and its interest in trying the case in the E. D. of Michigan is wholly separate from the convenience of its attorneys.  It is clear that, besides Plaintiff's counsel, all the witnesses will be employees of Clorox or former employees of Clorox.  These employee-witnesses likely reside in California, their place of employment, and would have to take significant time off of work to participate in a trial in Michigan.  (Docket Entry No. 9 at 12).  In its response to Clorox's motion to transfer venue, Just Intellectuals admits that "Defendant will have more witnesses which will be required to travel" if the venue is not transferred.  (Docket Entry No. 10 at 13).  The convenience of the parties and witnesses weighs heavily in favor of Clorox.

Another factor in determining whether to grant a motion to transfer venue is the location of the documents and the relative ease of access to sources of proof (factor two).  Because of the nature of the allegations, this case will be document intensive.  All of the documents and other sources of proof are found in Oakland, California, the place of Clorox's primary place of business.  Clorox states that the "vast majority of documents that are relevant to this case, including documents relating to the patent and products at issue, the marking procedures and the product literature, are all located within the Northern District of California."  (Docket Entry No. 9 at 12).  Just intellectuals, on the other hand, has not identified any documents or potential sources of proof that will be found in the Eastern District of Michigan.  This factor also weighs heavily in favor of Clorox's position to transfer venue.

The Court must also look to the locus of the operating facts (factor three).  Just Intellectuals argues that it suffered a personal injury when it purchased a falsely marked Brita

filter in Michigan, and therefore transfer is inappropriate. (Docket Entry No. 10 at 9-11). It alleges this injury in Count II of its complaint, under its MCPA claim. (Docket Entry No. 1 at 10). Just Intellectuals' MCPA claim, however, is not dispositive as to the appropriate forum for this case. The purchase of the filter in Michigan has very little relevance to the merits of the case. A Brita filter could have been purchased in any state in the United States. Rather, this case arises out of allegations that Clorox falsely marked the product literature of its filters with expired patent numbers. (Docket Entry No. 1 at ¶15. 16). The locus of operative facts is centralized around Clorox's patent and packaging decisions, all of which originated in California. Clorox has stated that all of its patenting, product and packaging design, marketing and advertising decisions originate at their Oakland, California headquarters. (Docket Entry No. 9 at 13). None of the decisions relating to the expired patent were made in Michigan. *Id*. Therefore, this factor also weighs in favor of transferring venue.

Next, the Court must take into account the availability of process to compel attendance of witnesses (factor four). Clorox contends, and Just Intellectuals does not refute, that none of the relevant witnesses in this case reside in Michigan. (Docket Entry No. 9 at 14). Although no specific witnesses have been identified, Clorox asserts, as noted above, that there may be a number of non-party, former Clorox employees who will be witnesses. *Id*. These non-party witnesses likely reside in California, or some other area outside of the State of Michigan. To the extent that former employees of Clorox who still reside in the Oakland, California area need to be subpoenaed, this Court would have to rely on the subpoena powers of the N. D. of California. Furthermore, this Court could not issue, quash, modify or rule on these subpoenas. FED. R. CIV. P. 45(c)(3). This factor weighs slightly in favor of transferring venue.

**B.     Factors Five And Seven Weigh In Favor Of This Court Retaining This Case**

The Court must also look to the cost of obtaining witnesses (factor five).  Clorox contends that it would be costly for its witnesses to travel from California to Michigan, and thus, venue should be transferred.  (Docket Entry No. 9 at 13).  Just Intellectuals argues that because Clorox is a fortune-500 company, its relative cost of litigating this case in the E. D. of Michigan is small.  It also argues that the relative cost for Just Intellectuals to litigate this case in California is much higher because it is a single-employee law firm located in Michigan.  (Docket Entry No. 10 at 13).  As noted in Part A, *supra*, Plaintiff, Plaintiff's counsel, and Plaintiff's witness are one and the same.  Just Intellectuals' cost of obtaining witnesses is no greater than the cost for its attorney.  Nonetheless, because the relative cost to Clorox is minimal, this factor weighs slightly in favor of denying Clorox's motion to transfer venue.

Next, the Court must look to the weight afforded to the plaintiff's choice of forum (factor seven).  Generally, "a transfer of venue for the convenience of the parties normally requires that the court give great weight to the plaintiff's choice of forum."  *HollyAnne Corp. V. TFT, Inc.*, 199 F. 3d 1304, 1307 n. 2 (Fed. Cir. 1999).  Just Intellectuals is a *qui tam* relator, however, and has not directly suffered an injury due to Clorox's alleged conduct.  As a result, the deference given to Just Intellectuals' choice forum should be reduced.  *See Harrington v. Ciba Vision Corp.*, 2008 WL 2893098 at *1 (W.D.N.C., July 23, 2009); *U.S., ex rel. Roop v. Arkray USA, Inc.* 2007 WL 844691, at *2 (N.D. Miss., Mar. 19, 2007); *U.S. ex rel. Adrian v. Regents of Univ. Of California*, 2002 WL 334915 at *3 (N.D. Cal., Feb. 25, 2002).  This factor weighs slightly in favor of venue in the E. D. of Michigan because the Court must still give some deference to plaintiff's choice forum.

7

**C.      Factors Six And Eight Do Not Weigh In Favor Of Either Forum**.

Factors six and eight have no affect on the choice of venue.  The Court must look to each forum's familiarity with the governing law (factor six).  Clorox asserts that the N.D. of California's familiarity with cases regarding false marking is greater than that of the E. D. of Michigan.  The law that is purported to be violated is a federal law.  The E. D. of Michigan is as familiar with the relevant federal law as the N.D. of California.  Additionally, Just Intellectuals alleges a violation of the MCPA, and although this factor is not dispositive of the proper forum, the E.D. of Michigan would be more familiar with Michigan law than the N.D. of California.

Finally, the argument that the trial efficiency (factor eight) of the N.D. of California is superior to that of the E. D. District of Michigan is a weak one.  There are no companion cases, related pending cases, or other similar issues that need to be accounted for when reviewing the trial efficiency of both forums.  These factors are "neutral" factors.

**D.      The Interests Of Justice Favor A Transfer To The Northern District Of California**.

In *Josephs v. Sigma-Aldrich Corp.*, No. 2-10-cv-10660 (E.D. Mich., May 21, 2010) (Docket Entry No. 9, Ex. 3), a *qui tam* case substantially similar to the instant case, the court granted the defendant's motion to transfer venue after weighing the same factors discussed in Parts A through C, *supra*.  In *Josephs*, many of the same factors weighed in favor of transferring venue.  The court looked to the totality of the circumstances and determined that defendant met its burden of demonstrating that a change in venue is appropriate.

Similarly, after weighing the factors, the interests of justice favor a transfer of this case to the N. D. of California.  The convenience of the parties and witnesses, the location of documents and other evidence, the locus of operating facts, and the availability of process to compel

attendance of witness all favor the transfer of this case. "A fundamental principle guiding this balancing test is that the litigation should proceed in the district where the case finds its center of gravity." *Audi AG*, 341 F. Supp. 2d at 751. The center of gravity of this case is Oakland, California and Clorox has met its burden to transfer venue.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Transfer Venue.

IT IS SO ORDERED.

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: December 10, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 10, 2010, by electronic and/or ordinary mail.

                                            s/Jennifer Hernandez
                                            Case Manager